# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Kenneth L. Waldron, | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Craig C. Malloy | ) | JURY TRIAL DEMANDED |
| | ) | |
| and | ) | |
| | ) | |
| Susan Malloy | ) | Bankruptcy Case No. 10-61750 |
|     Plaintiffs | ) | |
| | ) | Chapter 7 |
| v. | ) | |
| | ) | |
| Kenneth L. Waldron, | ) | |
|     Debtor. | ) | |

_____

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS
## (11 U.S.C § 523)

**COME NOW** Plaintiffs, Craig C. Malloy and Susan Malloy, by and through its attorney of record, M. Paul Valois, to allege and complain as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff is a previous landlord to the the debtor, Kenneth L. Waldron, and is entitled to bring this action.

2. Defendant filed a Chapter 7 bankruptcy petition in Case No. 10-61750 on 06/12/2010.

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C.§ 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523.

4. This adversary proceeding is a core matter.

5. Plaintiffs are creditors in the above referenced Chapter 7 bankruptcy proceeding.

### II. CAUSE OF ACTION – PROMISSORY NOTE

6. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1

through 5, above.

7. Defendant executed a promissory note to Plaintiffs dated March 29, 2010 and payable by monthly installments of $235.67 equaling $2,652.50, due on the first of each month until completion on March 1, 2011.

8. Defendant executed the above-referenced promissory note as payment for past rent due to Plaintiffs and as an inducement to Plaintiffs to forestall eviction proceedings.

9. Defendant did not make any payments on the promissory note dated March 29, 2010.

10. Plaintiff reasonably relied on the representations made by Defendant.

11. Defendant incurred the debts when Defendant had no ability or objective intent to repay them.

12. Defendant obtained credit, through the promissory note, by false pretenses, false representations and/or actual fraud.

13. Defendant completed the mandatory credit counseling on March 22, 2010, just one week before he executed the above-referenced promissory note.

14. Defendant executed the promissory note in anticipation of filing for bankruptcy protection.

15. As a result of Defendant's conduct, Plaintiffs have suffered damages in the amount of $2652.50.

16. The foregoing actions of the Defendant are in violation of 11 U.S.C. § 523(a)(2)(A) and Plaintiffs are entitled to a presumption of non-dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A) of the debts in the amount of $2652.50.

17. Plaintiffs seek to recover damages, costs, attorney fees, and interest concerning this matter.

### III. CAUSE OF ACTION – ASSAULT

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, above.

19. Defendant assaulted Plaintiff Craig C. Malloy on June 9, 2010.

20. Defendant entered into Plaintiffs' home and intentionally and deliberately knocked Plaintiff Craig C. Malloy to the floor.

21. Plaintiff Craig C. Malloy sustained damages as a result of the assault.

22. Plaintiffs seek to recover damages, costs, attorney fees, and interest concerning this matter.

## IV. CAUSE OF ACTION – TRESPASS

23. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 22, above.

24. Defendant committed trespass upon the Plaintiff's property on June 9, 2010.

25. Plaintiffs sustained damages as a result of Defendant's trespass.

26. The foregoing actions of the Defendant are in violation of 11 U.S.C. § 523(a)(6) and Plaintiffs are entitled to a presumption of non-dischargeability pursuant to 11 U.S.C. § 523(a)(6) of the debt incurred by the Defendant.

27. Plaintiffs seek to recover damages, costs, attorney fees, and interest concerning this matter.

## V. CAUSE OF ACTION – MALICIOUS PROSECUTION OF PLAINTIFF CRAIG C. MALLOY

28. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 27, above.

29. Upon information and belief, Defendant swore a false criminal complaint (alleging assault) against Plaintiff Craig C. Malloy after June 9, 2010 and before June 12, 2010.

30. Plaintiff Craig C. Malloy was arrested on the false assault charge.

31. Defendant instituted or procured the criminal prosecution of the plaintiff.

32. Defendant instituted or procured the criminal prosecution of the plaintiff without probable cause.

33. The Defendant acted maliciously.

34. The prosecution was terminated in a manner not unfavorable to the Plaintiff.

35. The charge was dismissed by the Culpeper General District Court after Defendant failed to appear in court to testify.

36. Plaintiff Craig C. Malloy suffered damages as result of Defendant's malicious prosecution.

37. The foregoing actions of the Defendant are in violation of 11 U.S.C. § 523(a)(6) and Plaintiffs are entitled to a presumption of non-dischargeability pursuant to 11 U.S.C. § 523(a)(6) of the debt incurred by the Defendant.

38. Plaintiffs seek to recover damages, costs, attorney fees, and interest concerning this matter.

### VI. CAUSE OF ACTION – DEFAMATION OF PLAINTIFF CRAIG C. MALLOY

39. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 38, above.

40. Upon information and belief, Defendant swore out a false criminal complaint against Plaintiff Craig C. Malloy after June 9, 2010 and before June 12, 2010.

41. Defendant made a statement on the criminal complaint alleging that Plaintiff Craig C. Malloy assaulted Defendant.

42. Defendant's statement was false.

43. Defendant knew the statement was false.

44. Defendant acted with actual malice.

45. Defendant's false statement alleges criminal conduct on the part of Plaintiff Craig C. Malloy.

46. Defendant published the false statement in a criminal complaint that he knew, or reasonably should have known, would become a public record.

47. Defendant's statement is libelous *per se*.

48. Plaintiff Craig C. Malloy was damaged as a result of the defamation.

49. The foregoing actions of the Defendant are in violation of 11 U.S.C. § 523(a)(6) and Plaintiff Craig C. Malloy is entitled to a presumption of non-dischargeability pursuant to 11 U.S.C. § 523(a)(6) of the debt incurred by the Defendant.

### VI. CAUSE OF ACTION – DEFAMATION OF PLAINTIFF SUSAN MALLOY

50. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 49, above.

51. Upon information and belief, Defendant swore out a false criminal complaint against Plaintiff Craig C. Malloy after June 9, 2010 and before June 12, 2010.

52. Defendant made a statement on the criminal complaint alleging that Plaintiff Susan Malloy encouraged Plaintiff Craig C. Malloy to assault Defendant.

53. Defendant's statement was false.

54. Defendant knew the statement was false.

55. Defendant acted with actual malice.

56. Defendant's false statement alleges criminal conduct on the part of Plaintiff Susan Malloy.

57. Defendant published the false statement in a criminal complaint that he knew, or reasonably should have known, would become a public record.

58. Defendant's statement is libelous *per se*.

59. Plaintiff Susan Malloy was damaged as a result of the defamation.

60. The foregoing actions of the Defendant are in violation of 11 U.S.C. § 523(a)(6) and Plaintiff Susan Malloy is entitled to a presumption of non-dischargeability pursuant to 11 U.S.C. § 523(a)(6) of the debt incurred by the Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grants the following relief:

1. A monetary judgment against Defendant in the amount of $100,000.00 plus accrued interest until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 U.S.C. § 523(a)(2);

3. An order awarding Plaintiffs their attorney fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

5. Plaintiffs demand a jury trial.

DATED September 7, 2010

CRAIG C. MALLOY and

SUSAN MALLOY

By counsel:

_/s/_ M. Paul Valois_____
M. PAUL VALOIS
Virginia State Bar No. 72326
725 Church Street, 10th Floor
Lynchburg, VA 24504
(434) 845-4529
(434) 845-8536 (facsimile)
mvalois@vbclegal.com
Counsel for Plaintiffs

## **CERTIFICATE**

I, the undersigned, certify that on this 7th day of September 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Steven Shareff, Esq., Counsel for Debtor, P.O. Box 729, Louisa, VA 23093; William F. Schneider, Esq., Chapter 7 Trustee, P.O. Box 739, Lynchburg, VA 24505; Office of the United States Trustee, 210 First Street, S.W., Suite 505, Roanoke, VA, 24011.

_/s/_ M. Paul Valois_____
M. Paul Valois
Counsel for Plaintiffs