FILED ROANOKE, VA
U.S. BANKRUPTCY COURT

SEP 28 2010

BY

DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In re:                                    )
Kenneth L. Waldron,                       )
Debtor.                                   )
                                          )
_____          )
                                          )
Craig C. Malloy                           )
                                          )        JURY TRIAL DEMANDED
                                          )
                                          )        BY PLAINTIFFS
and                                       )
Susan Malloy ) Bankruptcy                 )        Case No. 10-61750
Plaintiffs                                )
Chapter 7                                 )
v.                                        )
Kenneth L. Waldron,                       )
Debtor.                                   )

**ANSWER OF DEBTOR TO COMPLAINT OBJECTING TO
DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C § 523) AND
COUNTERCLAIMS OF DEBTOR AGAINST PLAINTIFFS.**

**COMES NOW DEBTOR,** Kenneth L. Waldron, Pro Se, to answer, allege and
state as follows:

**I. PARTIES AND JURISDICTION**

1. Debtor denies that Plaintiffs are entitled to bring this action.

2. Debtor filed a Chapter 7 bankruptcy petition in Case No. 10-61750 on
06/12/2010.

3. Debtor denies that jurisdiction is vested in this proceeding pursuant to 28
U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523.

4. Debtor denies that this adversary proceeding is a core matter.

5. Plaintiffs are creditors in the above referenced Chapter 7 bankruptcy
proceeding.

6. Debtor states and alleges that

    A. Plaintiffs said Complaint fails to state a cause of action upon which
relief can be granted or judgment sustained.

    B. Plaintiffs said Complaint is an attempt by Plaintiffs attorney to elevate
Plaintiff from an unsecured creditor to that of a secured creditor by virtue of a
multitude of unmeritorious allegations, threats and wrongful holding, in violation
of the automatic stay, virtually all of Debtor's possessions to include his
computers, records, filing cabinets, clothes and other personal property listed or
to be listed in this action. Plaintiffs locked Debtor out of his apartment owned by
Plaintiffs on which Debtor had a written lease and said lockout was self-help
eviction, contrary to the Code of Virginia. Said lockout was authorized and

1

suggested by Plaintiffs attorney, Paul Valois and occurred on June 9, 2010 and July 16, 2010 and at a number of times thereafter without the benefit of a court order so stating.

7. Further answering, Debtor states that Plaintiffs cause of action fails to state a cause of action upon which relief can be granted or judgment sustained and that no diversity of citizenship exists among the parties hereto.

8, Further answering, Debtor states that Plaintiffs are guilty of unclean hands in this matter as they have committed illegal self-help eviction of the Debtor on several occasions, to-wit: June 9, 2010 and July 16, 2010 and other dates known to Plaintiffs, all in violation of the Code of Virginia.

9. WHEREFORE, having answered, Debtor prays that the Complaint of Plaintiffs be dismissed and that he be allowed to go hence with his costs and for such other and further relief and judgments as to this Court shall seem just and proper.

## II. CAUSE OF ACTION – PROMISSORY NOTE—ANSWER AND COUNTERCLAIM

10. Debtor re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs,

11, Debtor denies the allegations set forth paragraphs 7 through 17 of Plaintiffs complaint, inclusive regarding a promissory note to Plaintiffs and states that as to any rent due, which Debtor denies, Plaintiffs have failed to give Debtor credits that he is due, which credits and damages include but are not limited to the following:

(A) Payments made by Debtor to make improvements to Plaintiffs property, which were to be credits are to rent due from Plaintiff, and

(B) Modifications made to the amount of the monthly payments of rent to be made by Debtor to Plaintiffs.

(C) Damages sustained by Debtors as a result of damage to his property caused by Plaintiff's dog named "Buddy" on multiple occasions and the failure of Plaintiffs to disclose their insurance carrier for such matters, but requiring Debtor to disclose in detail, the renters insurance carrier for Debtors property and the liability carrier for Debtor's motor vehicles.

(D) Breach of implied warranty of habitability as to the basement rented and leased to Debtor and damages for same as provided by law and which will be covered in another Count or area of the Counterclaims to be filed by Debtor.

(E) Breach of the Virginia Code as to Fair Housing Laws for Veterans and breach of the Culpeper County Code as to building violations.

(F) Debtor expressly denies all the allegations, matters and things contained in paragraphs 6 through 17, inclusive.

(G) Debtor further states that the actions of Plaintiffs as aforesaid were intentional and malicious and entitle Debtor to punitive or exemplary damages.

12. WHEREFORE, having fully answered and responded to said charge, Debtor prays to be dismissed with his costs and attorney fees and for such other and further relief and judgments as to the Court shall seem just and proper and that no diversity of citizenship exists as to the parties hereto.

### III. CAUSE OF ACTION – ASSAULT- ANSWER AND COUNTERCLAIM

13. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 12, above.

14. Debtor did not assault Plaintiff Craig C. Malloy on June 9, 2010; rather it was Plaintiff Craig C. Malloy on June 9, 2010 that assaulted Debtor.

15. Debtor denies each and every other allegation, matter and thing contained in III Cause of Action- Assault and affirmatively states that it was Plaintiff Craig C. Malloy on June 9, 2010 that assaulted Debtor.

16. Debtor sustained damages as a result of the assault.

17. Debtor seeks to recover damages, costs, attorney fees, and interest concerning this matter and desires present the same in a separate counterclaim, in addition to the above allegations, as the local court rules may provide.

18.    WHEREFORE, having fully answered and responded, Debtor requests that this cause of action be dismissed and that he be allowed to go hence with his costs and for such other and further relief and judgment as to the Court shall deem just and proper and that no diversity of citizenship exists as to the parties hereto.

### IV. CAUSE OF ACTION – TRESPASS

19. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, above.

20. Defendant denies all matters, allegations and contained in IV. CAUSE OF ACTION- TRESPASS and further states that said count fails to state a claim upon which relief may be granted or judgment sustained.

21. WHEREFORE, having fully answered and responded, Debtor requests that this cause of action be dismissed and that he be allowed to go hence with his costs and for such other and further relief and judgment as to the Court shall deem just and proper and that no diversity of citizenship exists as to the parties hereto.

### V. CAUSE OF ACTION – MALICIOUS PROSECUTION OF PLAINTIFF CRAIG C. MALLOY

22. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 21 above.

3

23. Defendant denies all matters, allegations and contained in V. CAUSE OF ACTION- MALICIOUS PROSECUTION OF PLAINTIFF CRAIG C. MALLOY and further states that said count fails to state a claim upon which relief may be granted or judgment sustained.

24. WHEREFORE, having fully answered and responded, Debtor requests that this cause of action be dismissed and that he be allowed to go hence with his costs and for such other and further relief and judgment as to the Court shall deem just and proper and that no diversity of citizenship exists as to the parties hereto.

## VI. CAUSE OF ACTION – DEFAMATION OF PLAINTIFF CRAIG C. MALLOY

25. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24, above.

26. Defendant denies all matters, allegations and contained in V. CAUSE OF ACTION- DEFAMATION OF PLAINTIFF CRAIG C. MALLOY and further states that said count fails to state a claim upon which relief may be granted or judgment sustained, and such matters are excluded from allowable defamation actions by rule of law.

27. WHEREFORE, having fully answered and responded, Debtor requests that this cause of action be dismissed and that he be allowed to go hence with his costs and for such other and further relief and judgment as to the Court shall deem just and proper and that no diversity of citizenship exists as to the parties hereto.

## VI. CAUSE OF ACTION – DEFAMATION OF PLAINTIFF SUSAN MALLOY

28. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 above.

29. Defendant denies all matters, allegations and contained in VI. CAUSE OF ACTION- DEFAMATION OF PLAINTIFF SUSAN. MALLOY and further states that said count fails to state a claim upon which relief may be granted or judgment sustained, and such matters are excluded from allowable defamation actions by rule of law, and particularly when and where truth is a defense to said charge.

30. WHEREFORE, having fully answered and responded, Debtor requests that this cause of action be dismissed and that he be allowed to go hence with his costs and for such other and further relief and judgment as to the Court shall deem just and proper and that no diversity of citizenship exists as to the parties hereto.

## VI. COUNTERCLAIM—CAUSE OF ACTION --BREACH OF IMPLIED WARRANTY OF HABITABILITY

### PARTIES AND JURISDICTION

1. Debtor filed a Chapter 7 bankruptcy petition in Case No. 10-61750 on 06/12/2010.

3. Debtor states that jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523.

4. Debtor denies that this adversary proceeding is a core matter and affirmatively states that this matter should be heard in the State Courts of Virginia and that no diversity of citizenship exits among the parties.

5. Plaintiffs are unsecured creditors in the above referenced Chapter 7 bankruptcy proceeding.

6. Debtor states and alleges that the basement apartment of the dwelling house rented and leased to him did not meet the basic requirements of habitability as the same is defined in cases dealing with rental property, including but not limited to the following instances:

    A. No key for lock to the apartment per Section 55-248.13:1 Code of Virginia.

    B. No heat in the apartment in the winter of 2009 and part of 2010 per Section 55-248.23 Code of Virginia.

    C. No proper electrical wiring for computers or IT devices as is commonly used by business or professional men and thereby a fit premises per Section 55-248.10 Code of Virginia.

    D. Broken windows that were never fixed and thereby a fit premises per Section 55-248.10 Code of Virginia.

    E. Water leakage that was never fixed and which caused mold and mildew to set in throughout the apartment per Section 55-258.13 Code of Virginia.

    F. Roaches and bugs all over the place and no pesticide treatment per Section 55-258.13:3. Code of Virginia.

    G. Leakage of heating pipes per Section 55-258.13 Code of Virginia.

    H. Improper wiring that lead to constant power outages and thereby a fit premises per Section 55-248.10 Code of Virginia.

    I. Asbestos was discovered to present in the apartment that was not property removed and/or remediated and thereby a fit premises per Section 55-248.10 Code of Virginia.

    J. No occupancy permits as required by the Code of Culpeper County, VA.

    K. No construction permits as required by the Code of Culpeper County, VA.

**L.** Paint and other flammable liquids stored in the closets and not removed and thereby a fit premises per Section 55-248.10 Code of Virginia.

**M.** The storm door covering the front door was never replaced as promised and there is a large "gap" that permits daylight to shine in at the bottom corner of the front door and permits roaches and other noxious bugs and insects to enter the property with ease and thereby a fit premises per Section 55-248.10 Code of Virginia.

**N.** The basement was not cleaned or cleared out and the property of Debtor was placed in the basement over the unclean areas by Plaintiffs in the absence of Debtor and thereby a fit premises per Section 55-248.10 Code of Virginia.

**O.** Plaintiffs have made repeated denials of access to Debtor and have refused him access on repeated occasions to his leased premises and have locked him out of said leased premises by means of self-help eviction all without the benefit of any court order or process, per Section 55-248.10:1 of the Code of Virginia and other sections prohibiting self-help eviction by the landlord which occurred in this matter on or about June 9, 2010, July 16, 2010 and other times thereafter in violation of the Code of Virginia and relevant reported decisions of Virginia. Debtor requests immediate injunctive relief to prevent the recurrence of such conduct, and for an order directing Plaintiffs to release Debtor's property to him immediately which they have held since June 9, 2010, and for actual damages and reasonable attorney fees, all as per Section 55-248-10:1 of the Code of Virginia.

**P.** The basement and the manner in which Plaintiffs treated it as to Debtor, who is a service connected disabled Viet Nam Era veteran with 30% or more said service connected disability and who served honorably on active duty and in the reserves, does not meet the criteria set forth in the U. S. Fair Housing Board regulations and the Virginia Fair Housing Laws for Veterans administered by and through the Virginia Fair Housing Office, Roanoke, VA, that is a part of the Virginia Code.

7. That Debtor sustained damages as a result of the above conditions and matters of ill being.
8. That Debtor seeks to recover damages, costs, attorney fees and medical expenses in connection with determination and treatment of asbestosis, mold and mildew respiratory injury and interest, as well as any and all other relief and judgment to which this Court shall deem just and proper.

## VII- COUNTERCLAIM--CAUSE OF ACTION—RIGHT OF PRIVACY INVASION

9. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 8 above.

10. Plaintiffs committed an invasion of Debtor's right of privacy upon Debtor on or about June 9, 2010 and at a number of times thereafter by locking Debtor out of his apartment and refusing debtor entry to his apartment.

11. Debtor sustained damages as a result of Plaintiff's invasion of privacy.

12. That Debtor seeks to recover damages, costs, attorney fees and medical expenses in connection with determination and treatment of asbestosis, mold and mildew respiratory injury and interest, as well as any and all other relief and judgment to which this Court shall deem just and proper.

## VIII.    COUNTERCLAIM-CAUSE OF ACTION- TRESPASS

13, Debtor re-alleges and incorporates by reference the allegation set forth in paragraph 1 through 12 above.

14. Plaintiffs committed trespass upon the Debtor's property on June 9, 2010 and at many times thereafter by entering in plaintiff's apartment and locking the front door from the inside and thereafter going in and about the apartment taking pictures of Debtor's property, some of which were shown to Debtor at the First Meeting of Creditors.

15. Plaintiffs actions continued when one Shirley "Shorty" Cook was hired to remove Plaintiff's property and Plaintiff Craig Malloy appeared and entered on Debtor's property that was placed in outbuildings on Plaintiff's property and prevented Mr. Cook from removing said items of property belonging to Debtor, to include one nearly new electric fence controller, grounding rods, large aluminum shovel, white shelving material bought at Lowe's, plywood panels,, electric fencing material, several hundred feet of yellow and white poly-rope and a large amount of nylon rope as well as plastic electric wire holders and feed boxes.

16. That other people witnessed the fact that Debtor owned and had helped install the above property, to include the County Agent, Mr. Stafford.

17. That Debtor sustained damages as a result of Plaintiff's said trespass in and to his property, and to which Plaintiff's prevented from being removed from their property, claiming it was their property.

18. That Debtor seeks to recover damages, costs, attorney fees and interest concerning this matter.

## IX.    COUNTERCLAIM- CAUSE OF ACTION—MALICIOUS PROSECUTION

19. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 above.

20. Upon information and belief, Plaintiff Craig Malloy swore out a false criminal complaint (alleging assault and battery) against Debtor on or about June 9, 2010.

21. Debtor was arrested on the said false assault and battery charge.

22. Plaintiffs instituted or procured the criminal prosecution of the Debtor.
23. Plaintiffs instituted or procured the criminal prosecution of the Debtor without probable cause.
24. The Plaintiffs acted maliciously.
25. The prosecution was terminated in a manner unfavorably to the Plaintiffs in that it was dismissed by the Commonwealth Attorneys.
26. Debtor suffered damages as a result of Plaintiff's malicious prosecution.
27. Plaintiff seeks to recover damages, costs, attorney fees and interest concerning this matter.

## X.   COUNTERCLAIM- CAUSE OF ACTION- CONVERSION

28. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 above.
29. Plaintiffs instituted the lock out of Debtor, which is self-help eviction, without the benefit of court order on June 9, 2010, and without probable cause.
30. Thereafter, although there were many attempts to plead with the Plaintiffs by calls, letters or other visits to release the Debtors property to him, Plaintiffs have failed and refused to turn over said property to Debtor and even after Plaintiffs insisted that they be allowed to pick the person that did the moving and that Debtor was to be excluded from the property during the process.  Whereupon, the person so picked by the Plaintiffs to do the moving was ordered off the property with very little of Plaintiff's property moved.
31. In doing so as stated above and in refusing to allow Debtor to send anyone else to move his property to his new residence, Plaintiffs have treated Debtors property as their own and by playing their continual game of "keep away", Plaintiffs have converted Debtors property and damaged him thereby as the property includes computers, digital records, office equipment, files, filing cabinets, spoiled food and medication needed by Debtor and Debtors clothing and personal effects, most of which he brought with him from Missouri and which most property still has a movers tag on it, all of which Debtor needs to follow up on employment applications and handle other employment files, as well as personal information and contact with this family members, one of which was in Afghanistan.
32. That said actions were done by Plaintiffs intentionally and maliciously and entitled Debtor to receive punitive or exemplary damages.
33. Debtor seeks to recover damages, costs, attorney fees, and interest concerning this matter.

## XI—COUNTERCLAIM—CAUSE OF ACTION- NEGLIGENCE PER SE

34. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33 above.

34. That the actions described in Counterclaim VI herein are all violations of Virginia State or Commonwealth Statutes and thus are negligence per se.

35. That Plaintiffs have performed all such acts as described and referenced above in a negligent manner and that such negligence by Plaintiffs as aforesaid directly and proximately caused and resulted in damages to Debtor.

36. That said actions were done by Plaintiffs intentionally, repeatedly, without regard for the property and property rights of Debtor and maliciously and entitle Debtor to receive punitive or exemplary damages.

37. Debtor seeks to recover damages, costs, attorney fees, and interest concerning this matter.

## XII—COUNTERCLAIM- CAUSE OF ACTION – VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF THE U.S. B ANKRUPTCY LAWS.

38. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39. That the actions of Plaintiffs as aforesaid, are clear, repeated and malicious violations of the Automatic Stay Provisions of the U. S. Bankruptcy laws (citations omitted).

40. That said actions were done by Plaintiffs intentionally, repeatedly, without regard for the property and property rights of Debtor and maliciously and entitle Debtor to receive punitive or exemplary damages.

41. Debtor seeks to recover damages, costs, attorney fees, and interest concerning this matter.

## XIII- COUNTERCLAIM- CAUSE OF ACTION – DETINUE

42. Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 41 above.

43. That all of Debtors property as described in the materials filed in this matter, as amended, are being held by Plaintiffs without the benefit of a court order or process.

44. That under the Code of Virginia, Debtor is entitled to a warrant in Detinue to recover his said property now being held by Plaintiffs and Debtors does hereby request that an immediate order issue granting the remedy

of a warrant in Detinue to issue against Plaintiffs authorizing Debtor to have immediate return of his property.

45. That said actions were done by Plaintiffs intentionally, repeatedly, without regard for the property and property rights of Debtor and maliciously and entitle Debtor to receive punitive or exemplary damages.

46. Debtor seeks to recover damages, costs, attorney fees, and interest concerning this matter.

## XIV--PRAYER FOR RELIEF

**WHEREFORE,** Debtor prays that this Court grant the following relief:

1. A monetary judgment against the Plaintiffs in the amount of $100,000.00 compensatory damages, plus accrued interest until the date of judgment herein; and

2. A monetary judgment against the Plaintiffs in the amount of at least $100,00.00, of an for punitive or exemplary damages, and

3. An Order awarding Debtor his attorney fees and costs incurred herein, and ,

4. An Order awarding Debtor such other and further additional relief and judgment as to this Court seem just and proper, to include an immediate order to Plaintiffs to release the property of Debtor that has been held by Plaintiffs since they locked Debtor out of his apartment without the benefit of a court order, i.e. self-help eviction on June 9, 2010. Debtor is a 30% or more service connected disabled Viet Nam era veteran that has served honorably and has applied for further Federal employment in this area. That the prompt return shall be made at the expense of Plaintiffs and to the address in Locust Grove, VA that will be specified by the Debtor. The only clothing that Debtor was allowed to remove from his apartment on June 9, 2010, was one pair of long pairs, one pair of sneakers, three pull over shirts with an embroidered emblem, four pair of shorts, some underwear , socks and some toiletries. Regardless of how good a person's resume' might look, if they showed up to an interview for a substantial position such as the GS-13 level at which Debtor has previously served, in sneakers that had been worn everyday since June 9, 2010, a pull over shirt and long pants that do not fit, their chances of getting the job would be substantially reduced. The moving process will be expensive for Debtor as he cannot lift and bend with very much weight due to injuries to his lumbar and thoracic spine and will have to hire most of the work to pack, move and unpack, to be done for him.

5. For his costs herein expended, and for such other and further relief and judgments, to include attorney's fees and other expenses of packing,

moving and unpacking Debtors property to his residence in Locust Grove, VA., as to this Court shall seem just and proper.

Kenneth L. Waldron, Pro Se
**Debtor**
**C/o General Delivery- Main**
**Post Office**
**Culpeper, VA 22701**
**kwaldron@eaglesystem.biz**
**540-212-1667 – phone**

## CERTIFICATE

I, the undersigned, certify that on this 23nd day of September, 2010, I have filed the above and foregoing document with the Clerk of the U. S. Bankruptcy Court for the Western District of Virginia and sent copies of the same to the following by U.S. postal mail prepaid at Culpeper, VA, to-wit:

1. Steven Scharef, Esq., P. O. Box 729, Louisa, VA 23093
2. William F. Schneider, Esq., P. O Box 739, Lynchburg, VA 24505
3. Office of the U.S. Trustee, 210 First Street, S.W. , Suite 505, Roanoke, VA 24011
4. Clerk, U.S. Bankruptcy Court, Western District of Virginia, 210 First Street, S.W., Roanoke, VA 24011
5. M. Paul Valois, Esq., 725 Church Street, 10th Floor, Lynchburg, VA 24504

Kenneth L. Waldron
Debtor, Pro Se

11