FILED ROANOKE, VA
U.S. BANKRUPTCY COURT
SEP 28 2010
BY _____
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| In re: ) | |
| Kenneth L. Waldron, ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| Craig C. Malloy ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| ) | BY PLAINTIFFS |
| and ) | |
| Susan Malloy ) Bankruptcy ) | Case No. 10-61750 |
| Plaintiffs ) | |
| Chapter 7 ) | |
| v. ) | |
| Kenneth L. Waldron, ) | |
| Debtor. ) | |

**MOTION TO AMEND ANSWER OF DEBTOR TO COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C § 523) AND COUNTERCLAIMS OF DEBTOR AGAINST PLAINTIFFS BY ADDITION OF COUNTERCLAIM XIV.**

**COMES NOW DEBTOR,** Kenneth L. Waldron, Pro Se, and respectfully requests that this Court make and enter its Order allowing Debtor to amend his Answer and Counterclaims by addition of the following Counterclaim:

### XIV—COUNTERCLAIM- CAUSE OF ACTION- WRONGFUL EVICTION

**47.** Debtor re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 above.

48. That the bulk of Debtor's property as described in the materials filed in this matter, as amended, are being held by Plaintiffs without the benefit of a court order or process.

49. That on or about June 9, 2010 and again on or about July 16, 2010, the Plaintiffs locked Debtor out of Debtor's apartment on Malloy's property, to-wit: the basement apartment, and threatened to arrest him if he returned, even though Debtor had a one year written lease on the said apartment and additional property of Plaintiffs.

1

50. Plaintiffs locked Debtor out of his said apartment and ordered him off the property without bringing an unlawful detainer action as required by Section 55-225.1 of the Code of Virginia.

51. Debtor incurred costs for staying in a motel room and at a transition house, meals out and moving expenses because of the said lockout.

52. Under Section 55-225.2 of the Code of Virginia, Debtor is entitled to recover damages, including his costs and reasonable attorney's fees.

53. The unlawful eviction was malicious and done in total disregard of Debtor's property and property rights and therefore Debtor is entitled to an award of punitive or exemplary damages at common law.

### XV--PRAYER FOR RELIEF

**WHEREFORE,** Debtor prays that this Court grant the following relief:

1. A monetary judgment against the Plaintiffs in the amount of $100,000.00 compensatory damages, plus accrued interest until the date of judgment herein; and
2. A monetary judgment against the Plaintiffs in the amount of at least $100,00.00, of an for punitive or exemplary damages, and
3. An Order awarding Debtor his attorney fees and costs incurred herein, and ,
4. An Order awarding Debtor such other and further additional relief and judgment as to this Court seem just and proper, to include an immediate order to Plaintiffs to release the property of Debtor that has been held by Plaintiffs since they locked Debtor out of his apartment without the benefit of a court order, i.e. self-help eviction on June 9, 2010. Debtor is a 30% or more service connected disabled Viet Nam era veteran that has served honorably and has applied for further Federal employment in this area. That the prompt return shall be made at the expense of Plaintiffs and to the address in Locust Grove, VA that will be specified by the Debtor. The only clothing that Debtor was allowed to remove from his apartment on June 9, 2010, was one pair of long pairs, one pair of sneakers, three pull over shirts with an embroidered emblem, four pair of shorts, some underwear , socks and some toiletries. Regardless of how good a person's resume' might look, if they showed up to an interview for a substantial position such as the GS-13 level at which Debtor has previously served, in sneakers that had been worn everyday since June 9, 2010, a pull over shirt and long pants that do not fit, their chances of getting the job would be substantially reduced. The moving process will be expensive for Debtor as he cannot lift and bend with very much weight

2

    due to injuries to his lumbar and thoracic spine and will have to hire most of the work to pack, move and unpack, to be done for him.

5. For his costs herein expended, and for such other and further relief and judgments, to include attorney's fees and other expenses of packing, moving and unpacking Debtors property to his residence in Locust Grove, VA., as to this Court shall seem just and proper.

*[signature]*

Kenneth L. Waldron, Pro Se
Debtor
C/o General Delivery- Main
Post Office
Culpeper, VA 22701
kwaldron@eaglesystem.biz
540-212-1667 – phone

## CERTIFICATE

I, the undersigned, certify that on this 25th day of September, 2010, I have filed the above and foregoing document with the Clerk of the U. S. Bankruptcy Court for the Western District of Virginia and sent copies of the same to the following by U.S. postal mail prepaid at Culpeper, VA, to-wit:

1. Steven Scharef, Esq., P. O. Box 729, Louisa, VA 23093
2. William F. Schneider, Esq., P. O Box 739, Lynchburg, VA 24505
3. Office of the U.S. Trustee, 210 First Street, S.W. , Suite 505, Roanoke, VA 24011
4. Clerk, U.S. Bankruptcy Court, Western District of Virginia, 210 First Street, S.W., Roanoke, VA 24011
5. M. Paul Valois, Esq., 725 Church Street, 10th Floor, Lynchburg, VA 24504

*[signature]*

Kenneth L. Waldron
Debtor, Pro Se

## ORDER

MOTION GRANTED. DEBTORS ANSWER AND COUNTERCLAIMS ARE HEREBY AMENDED TO INCLUDE COUNTERCLAIM XIV AS SHOWN HEREIN ABOVE.

DATED THIS _____ DAY OF _____, 2020

_____
U. S. BANKRUPTCY JUDGE

3